**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **JOSHUA HOSKINS, #R54570,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| vs. | ) | **Case No. 3:20-cv-00302-SMY** |
| | ) | |
| **CHARLES SWISHER,** | ) | |
| **C. WALL,** | ) | |
| **G. HALE,** | ) | |
| **DANIEL J. HARRISS,** | ) | |
| **MICHAEL BAILEY,** | ) | |
| **MR. JUSTICE,** | ) | |
| **MR. KULICH,** | ) | |
| **JANA RUETER,** | ) | |
| **A. WILLIAMS,** | ) | |
| **C. HECK,** | ) | |
| **MR. MERACLE,** | ) | |
| **MR. DUDEK,** | ) | |
| **MR. HERMANN,** | ) | |
| **MR. BELL,** | ) | |
| **MR. TOMSHACK,** | ) | |
| **MR. SHIRLEY,** | ) | |
| **MR. PEEK,** | ) | |
| **MR. MUMBOWER,** | ) | |
| **MR. GROVE,** | ) | |
| **MR. ADAMS,** | ) | |
| **MR. LIVELY,** | ) | |
| **MR. VANDEKEROVE,** | ) | |
| **MR. BAKER,** | ) | |
| **MR. WANGLER,** | ) | |
| **MR. WANACK,** | ) | |
| **MR. JURKOWSKI,** | ) | |
| **MR. COOLEY,** | ) | |
| **MR. JOHNSON,** | ) | |
| **MR. PETITJEAN, and** | ) | |
| **MR. OLEARY,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## <u>MEMORANDUM AND ORDER</u>

**YANDLE, District Judge:**

Plaintiff Joshua Hoskins, an inmate of the Illinois Department of Corrections currently

incarcerated at Pinckneyville Correctional Center ("Pinckneyville"), filed this action pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights.  Plaintiff seeks monetary damages.

As an initial matter, Plaintiff has filed a Motion for Leave to File an Amended Complaint (Doc. 26), which is granted.  *See* Fed.R.Civ.P 15(a)(1) (party may amend a pleading once as a matter of course prior to service).  The First Amended Complaint is subject to preliminary review under 28 U.S.C. § 1915A, which requires the Court to screen prisoner Complaints to filter out nonmeritorious claims.  28 U.S.C. § 1915A(a).  Any portion of the First Amended Complaint that is legally frivolous, malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed.  28 U.S.C. § 1915A(b).

### The First Amended Complaint

Plaintiff makes the following allegations in his First Amended Complaint: During Plaintiff's incarceration at Pinckneyville from June 15, 2019 to March 31, 2020, Swisher, Wall, Hale, Harriss, Bailey, Justice, Kulich, Rueter, Williams, Heck, Meracle, Dudek, Hermann, Bell, Tomshack, Shirley, Peek, Mumbower, Grove, Adams, Lively, Baker, Vandekerove, Wangler, Wanack, Jurkowski, Cooley, Johnson, Petitjean, and Olearly denied him attendance at Friday Jum'ah service and other Islamic services.  Additionally, they confiscated and/or denied him possession of a watch, the Quran, kufi cap, prayer rugs, and any other Islamic material.  Defendants took these actions in retaliation for Plaintiff filing grievances against Swisher and other prison staff at Pinckneyville and filing a lawsuit against Swisher while Plaintiff was incarcerated at Menard.  Adams and Lively told Plaintiff his cell would be searched and if he had any of these items in his possession, they would bring false disciplinary charges against him.

Rueter told the security staff that if they assaulted an inmate, she would not document it

and she would tell other medical staff to not report or document any injuries an inmate sustained. This conduct was in retaliation for Plaintiff filing grievances on Nurse Hess.

On January 6, 2020, Justice, Bell, Wangler, and Wanak had Plaintiff placed in segregation on false disciplinary charges to prevent him from being able to attend Jum'ah services and in retaliation for grievances he had filed.  Heck found him guilty on January 14, 2020 and gave him 30 days in segregation to prevent him from being able to attend Jum'ah services and for filing grievances against prison staff.

Based on the allegations in the First Amended Complaint, the Court finds it convenient to designate the following Counts in this *pro se* action:

> **Count 1:** **First Amendment retaliation claim against Swisher, Wall, Hale, Harriss, Bailey, Justice, Kulich, Rueter, Williams, Heck, Meracle, Dudek, Hermann, Bell, Tomshack, Shirley, Peek, Mumbower, Grove, Adams, Lively, Baker, Vandekerove, Wangler, Wanak, Jurkowski, Cooley, Johnson, Petitjean, and Olearly for denying Plaintiff access to religious services and religious materials for filing grievances and lawsuits.**
>
> **Count 2:** **First Amendment claim against Defendants Swisher, Wall, Hale, Harriss, Bailey, Justice, Kulich, Rueter, Williams, Heck, Meracle, Dudek, Hermann, Bell, Tomshack, Shirley, Peek, Mumbower, Grove, Adams, Lively, Baker, Vandekerove, Wangler, Wanak, Jurkowski, Cooley, Johnson, Petitjean, and Olearly for substantially burdening Plaintiff's exercise of religion.**
>
> **Count 3:** **First Amendment retaliation claim against Justice, Bell, Wangler, Wanak, and Heck for bringing false disciplinary charges against Plaintiff and placing him in segregation for filing grievances and lawsuits.**
>
> **Count 4:** **Fourteenth Amendment due process claim against Justice, Bell, Wangler, Wanak, and Heck for bringing false disciplinary charges against Plaintiff that resulted in 30 days in segregation.**

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the**

3

**First Amended Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard**. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim that is plausible on its face.").

## Preliminary Dismissals

Plaintiff sues Defendants in their individual and official capacities but seeks only monetary damages.  When a plaintiff seeks monetary damages against a state official, he must bring the suit against the official in his or her individual capacity.  *See Shockley v. Jones*, 823 F.2d 1068, 1070 (7th Cir. 1987). Therefore, to the extent Plaintiff attempts to bring claims against Defendants in their official capacities, those claims are dismissed.

## Discussion

### Counts 1 and 3

To state a First Amendment retaliation claim, Plaintiff must show that "(1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was 'at least a motivating factor' in the Defendants' decision to take the retaliatory action." *Gomez v. Randle*, 680 F.3d 859, 866 (7th Cir. 2012). The allegations are sufficient to proceed on the claim in Count 1 against Swisher, Wall, Hale, Harriss, Bailey, Justice, Kulich, Rueter, Williams, Heck, Meracle, Dudek, Hermann, Bell, Tomshack, Shirley, Peek, Mumbower, Grove, Adams, Lively, Baker, Vandekerove, Wangler, Wanak, Jurkowski, Cooley, Johnson, Petitjean, and Olearly and on the claim in Count 3 against Justice, Bell, Wangler, Wanak, and Heck.

### Count 2

"A prisoner is entitled to practice his religion insofar as doing so does not unduly burden

the administration of the prison." *Hunafa v. Murphy*, 907 F.2d 46, 47 (7th Cir. 1990). To state a claim under the free exercise clause of the First Amendment, a plaintiff must allege facts to plausibly suggest that his "right to practice [his chosen religion] was burdened in a significant way."[1] *Kaufman v. McCaughtry*, 419 F.3d 678, 683 (7th Cir. 2005).  Preventing Plaintiff from attending religious services and denying him religious items as alleged substantially burdens his exercise of religion.  Thus, the allegations are sufficient for this claim to proceed against Swisher, Wall, Hale, Harriss, Bailey, Justice, Kulich, Rueter, Williams, Heck, Meracle, Dudek, Hermann, Bell, Tomshack, Shirley, Peek, Mumbower, Grove, Adams, Lively, Baker, Vandekerove, Wangler, Wanak, Jurkowski, Cooley, Johnson, Petitjean, and Olearly.

## Count 4

To state a procedural due process claim under the Fourteenth Amendment, Plaintiff must sufficiently allege the state deprived him of a constitutionally protected interest in "life, liberty, or property" without due process of law. *Zinermon v. Burch*, 494 U.S. 113, 125 (1990).  A court analyzing such a claim in the context of prison disciplinary hearings must consider: (1) whether there was a protected interest at stake that necessitated due process protections; and (2) whether the disciplinary hearing was conducted in accordance with procedural due process requirements.  *Id*.  Absent any indication that Plaintiff endured an "atypical and significant hardship" in segregation, no liberty interest arises from 30 days in segregation.  *Hardaway v. Meyerhoff*, 734 F.3d 740, 743 (7th Cir. 2013) ("relatively short terms of segregation rarely give rise to a prisoner's liberty interest, at least in the absence of exceptionally harsh conditions").  Because Plaintiff has not adequately pleaded that he was deprived of a protected liberty interest while in segregation, Count 4 will be dismissed.

---

[1] Inmates are afforded broader religious protections under the Religious Land Use and Institutionalized Persons Act (RLUIPA) and a Court may order injunctive relief to correct a RLUIPA violation. 42 U.S.C.A. § 2000cc-2.  Here, Plaintiff has not made q request for injunctive relief and a suit for money damages is not authorized under RLUIPA. *Grayson v. Schuler*, 666 F.3d 450, 451 (7th Cir. 2012).

**Request for Injunctive Relief**

Plaintiff has filed three motions requesting preliminary injunctive relief: Motion for [a] Preliminary Injunction (Doc. 22); Motion for the Court['s] Urgent Assistance (Doc. 24); and "Motion for the Court to put Plaintiff Facility Warden on Notice and to Assist Plaintiff in Getting his Grievances/Administrative Remedies Exhausted" (Doc. 25). These motions are based on allegations that named defendants and non-parties have interfered with Plaintiff's access to the grievance process, threatened to file false disciplinary charges and place him in segregation if he writes any more grievances, threatened to submit him for transfer to a medium or maximum security facility or a mental health care facility for writing grievances and filing lawsuits, and restricted his access to showers, hygiene products, clothing, medical care, mental health care, and medications.  (Docs. 22, 24, 25).  Plaintiff seeks an Order that he be provided grievance forms, that his grievances be addressed, and that he be allowed to mail  his grievances to the Court and the Court mail them to the Pinckneyville Warden.  (*Id.*).

"[A] preliminary injunction is appropriate only if it seeks relief of the same character sought in the underlying suit, and deals with a matter presented in that underlying suit." *Hallows v. Madison County Jail*, No. 18-cv-881-JPG, 2018 WL 2118082, at *6 (S.D. Ill. May 8, 2018) (internal citations omitted). Plaintiff did not request injunctive relief in his First Amended Complaint.  Moreover, he attempts to assert claims arising from incidents outside the scope of the First Amended Complaint against individuals who are not parties to this action.  As such, the motions are legally insufficient and will be denied.

**Other Pending Motions**

Plaintiff's "Combined Motions Showing Good Cause" pertains to two individuals named as defendants in the original Complaint, but not in the First Amended Complaint (Doc. 23).

6

Therefore, it will be denied as moot.

Plaintiff requests that he be allowed to proceed with the First Amended Complaint without restating his litigation history (Doc. 27).  He asserts he was not able to detail his entire litigation history in his First Amended Complaint because he did not have additional paper. The motion will be granted.  Plaintiff included his complete litigation history in his original Complaint, which the Court accepts.

As the Court has conducted threshold review of the Amended Complaint herein, Plaintiff's Motions for the Status of Merit Review on Amended Complaint (Docs. 28, 30) will be denied as moot.

### Disposition

**IT IS ORDERED** that Plaintiff's Motion for Leave to File an Amended Complaint (Doc. 26) is **GRANTED**. The Clerk of Court is **DIRECTED** to **FILE** the proposed Amended Complaint submitted to the Court by Plaintiff on July 16, 2020 as the First Amended Complaint.  Counts 1 and 2 will proceed against Swisher, Wall, Hale, Harriss, Bailey, Justice, Kulich, Rueter, Williams, Heck, Meracle, Dudek, Hermann, Bell, Tomshack, Shirley, Peek, Mumbower, Grove, Adams, Lively, Baker, Vandekerove, Wangler, Wanak, Jurkowski, Cooley, Johnson, Petitjean, and Olearly; and Count 3 will proceed against Justice, Bell, Wangler, Wanak, and Heck.  Count 4 is **DISMISSED** without prejudice.

The Clerk of Court shall prepare for Wall, Hale, Harriss, Bailey, Justice, Kulich, Rueter, Williams, Heck, Meracle, Dudek, Hermann, Bell, Tomshack, Shirley, Peek, Mumbower, Grove, Adams, Lively, Baker, Vandekerove, Wangler, Wanak, Jurkowski, Cooley, Johnson, Petitjean, and Olearly: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a

copy of the First Amended Complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff.  If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on the Defendant, and the Court will require the Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a Defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file appropriate responsive pleadings to the First Amended Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merit Review Order.**

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff's motions requesting preliminary injunctive relief including Motion for [a] Preliminary Injunction (Doc. 22), Motion for the Court['s] Urgent Assistance (Doc. 24), and "Motion for the Court to put Plaintiff Facility Warden on Notice and to Assist Plaintiff in Getting his Grievances/Administrative Remedies Exhausted" (Doc. 25) are **DENIED**.

Plaintiff's "Combined Motions Showing Good Cause" (Doc. 23) is **DENIED** as moot;

Plaintiff's motion to allow him to proceed with the First Amended Complaint without restating his

litigation history (Doc. 27) is **GRANTED**; and Plaintiff's Motions for the Status of Merit Review

on Amended Complaint (Docs. 28, 30) are **DENIED** as moot.

Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court

and the opposing party informed of any change in his address; the Court will not independently

investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer

or other change in address occurs. Failure to comply with this order will cause a delay in the

transmission of court documents and may result in dismissal of this action for want of prosecution.

*See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  August 24, 2020**

*s/ Staci M. Yandle*
**STACI M. YANDLE**
**United States District Judge**

### Notice to Plaintiff

The Court will take the necessary steps to notify the Defendants of your lawsuit and serve them with a copy of your First Amended Complaint. After service has been achieved, Defendants will enter an appearance and file an Answer to your First Amended Complaint. It will likely take at least **60 days** from the date of this Order to receive the Defendants' Answer, but it is entirely possible that it will take **90 days** or more. When Defendants have filed their Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, to give the Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.