IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| JOSHUA LEE HOSKINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.   20-302-RJD |
| | ) | |
| CHARLES SWISHER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

**DALY, Magistrate Judge:**

This matter is before the Court on the Motion for Summary Judgment for Failure to Exhaust Administrative Remedies filed by Defendant Rueter (Doc. 75), the Motion for Summary Judgment on the Issue of Exhaustion filed by Defendants Adams, Bailey, Baker, Bell, Cooley, Dudek, Groves, Hale, Harriss, Heck, Hermann, Johnson, Jukowski, Justice, Kulich, Lively, Mercale, Mumbower, O'Leary, Peek, Petitjean, Shirley, Swisher, Tomshack, Vanderkhove, Wall, Wanack, and Wangler (Doc. 85), and the Second Motion for Summary Judgment for Failure to Exhaust Administrative Remedies filed by Defendants Rueter and Williams (Doc. 99).  For the reasons set forth below, the Motions are **DENIED**.

**Background**

Plaintiff Joshua Hoskins, an inmate in the custody of the Illinois Department of Corrections ("IDOC"), filed this lawsuit pursuant to 42 U.S.C. § 1983 alleging his constitutional rights were violated while he was incarcerated at Pinckneyville Correctional Center ("Pinckneyville").  In his amended complaint, Plaintiff alleges he was not allowed to attend religious services from June 15, 2019 to March 31, 2020, and certain religious items, including the

Quran, were confiscated and/or denied.  Plaintiff alleges these actions were taken in retaliation for Plaintiff filing grievances against Pinckneyville staff.  Plaintiff's amended complaint was screened pursuant to 28 U.S.C. § 1915A and he was allowed to proceed on the following claims:

> Count One: First Amendment retaliation claim against Swisher, Wall, Hale, Harriss, Bailey, Justice, Kulich, Rueter, Williams, Heck, Meracle, Dudek, Hermann, Bell, Tomshack, Shirley, Peek, Mumbower, Grove, Adams, Lively, Baker, Vandekerove, Wangler, Wanak, Jurkowski, Cooley, Johnson, Petitjean, and Olearly for denying Plaintiff access to religious services and religious materials for filing grievances and lawsuits.
>
> Count Two: First Amendment claim against Defendants Swisher, Wall, Hale, Harriss, Bailey, Justice, Kulich, Rueter, Williams, Heck, Meracle, Dudek, Hermann, Bell, Tomshack, Shirley, Peek, Mumbower, Grove, Adams, Lively, Baker, Vandekerove, Wangler, Wanak, Jurkowski, Cooley, Johnson, Petitjean, and Olearly for substantially burdening Plaintiff's exercise of religion.
>
> Count Three: First Amendment retaliation claim against Justice, Bell, Wangler, Wanak, and Heck for bringing false disciplinary charges against Plaintiff and placing him in segregation for filing grievances and lawsuits.

Defendants filed motions for summary judgment arguing Plaintiff failed to exhaust his administrative remedies prior to filing this lawsuit (Docs. 75, 85, and 99).  Defendants Rueter, Williams, Adams, Bailey, Baker, Bell, Cooley, Harriss, Johnson, Jurkowski, Justice, Kulich, Lively, O'Leary, Peek, Petitjean, Shirley, Tomshack, Vanderkhove, Wanach, and Wangler assert Plaintiff failed to file any grievance that exhausts the claims against them.  Defendants Dudek, Groves, Hale, Meracle, Mumbower, Swisher, and Wall assert Plaintiff failed to exhaust his administrative remedies related to all claims after August 27, 2019.

The parties do not dispute there is one grievance for which Plaintiff exhausted his administrative remedies prior to filing this lawsuit.  In this grievance, dated August 27, 2019, Plaintiff complains that Swisher and Wall told Plaintiff they confiscated his Quran and other

religious items and would not return the same until he dropped his civil rights complaint against Swisher.  Plaintiff asserts that prior to July 10, 2019, Swisher heard Plaintiff tell Officer Hale that Plaintiff was a Muslim and needed his religious items so he could practice his faith.  Plaintiff writes that he previously filed a grievance that was not returned wherein he complained about Swisher's misconduct, as well as misconduct by Meracle that occurred on June 22, 2019, and misconduct by Mumbower that occurred on an unknown date in June 2019.   Plaintiff asserts these staff members all admitted they were involved in confiscating his religious items and told Plaintiff he could not practice his religion while at their institution.   Plaintiff further notes that Dudek and Grove told him that they knew he was a Muslim and that his religious items had been taken and they would not allow him to practice his religion for retaliatory reasons.   Plaintiff complains that on August 12, 2019, Hale told Plaintiff that if he dropped his civil rights complaint against Swisher then his religious items would be returned.

Defendants Rueter, Williams, Adams, Bailey, Baker, Bell, Cooley, Harriss, Johnson, Jurkowski, Justice, Kulich, Lively, O'Leary, Peek, Petitjean, Shirley, Tomshack, Vanderkhove, Wanach, and Wangler assert that although Plaintiff's August 27, 2019 grievance was exhausted, it does not exhaust the claims against them because they were not mentioned, named or described. Defendants Swisher, Wall, Meracle, Mumbower, Dudek, and Hale concede this grievance exhausts claims against them, but assert it only exhausts any claims through August 27, 2019, the date on which it was filed.

There are numerous other grievances in the record and Defendants have appended many of the same to their motions.  The Court has reviewed these grievances and finds the following relevant to Plaintiff's claims:

1. **September 26, 2019 Grievance** (Doc. 104 at 3-5):   In this grievance, Plaintiff asserts

he filed numerous grievances on staff members Swisher, Hale, Kulich, Vandekerove, Dudek, Grove, Frank, Johnson, Petitjean, Meracle, Smith, Wall, Mumbower, Adams, and Love for denying him hygiene supplies and not allowing him to practice his religion by confiscating his religious items. Plaintiff asserts he submitted these grievances directly to counselor Samolinski, but never received any response. This grievance was received by the ARB on October 2, 2019, and returned without a decision on the merits. The ARB directed Plaintiff to submit responses from the counselor, grievance officer, and warden.

    **2. September 30, 2019 Grievance** (Doc. 104 at 4, 6-7): In this grievance, Plaintiff again complains that he has not received responses to grievances submitted to counselor Samolinski that complained of actions taken by Vandekerove and Harris denying him access to his religious items and threatening Plaintiff with false tickets if he attended religious services. Plaintiff also complains about issues with regards to his medical treatment. This grievance was received by the ARB on October 2, 2019 along with Plaintiff's September 26, 2019 grievance, and returned without a decision on the merits. The ARB directed Plaintiff to submit responses from the counselor, grievance officer, and warden.

    **3. December 11, 2019 Emergency Grievance** (Doc. 100-1 at 18-20): In this grievance, Plaintiff writes that Mental Health Professional Williams told Plaintiff he would use his position to encourage security staff to deny Plaintiff human necessities and religious materials if he filed grievances and complaints against Williams. Plaintiff asserts that on October 22, 2019 and numerous prior occasions, Williams told Plaintiff he was aware Plaintiff's religious items were taken by Swisher, Wall, and others and that Williams told Vanderkhove, Swisher, and Wall that Plaintiff should not receive his religious items because he filed a civil rights action against Swisher. There is no institutional response to this grievance in the record. This grievance was

received by the ARB on December 19, 2019 and returned without a decision on the merits. The ARB directed Plaintiff to submit responses from the counselor, grievance officer, and warden.

    **4. February 17, 2020 Emergency Grievances** (Doc. 100-1 at 5-17): There are two grievances in the record dated February 17, 2020. In the first of these grievances, Plaintiff complains that Ms. Rueter acknowledged knowing Plaintiff was a Muslim and had conspired with other officers to fabricate charges against Plaintiff to deny him exercise of his religion. These encounters occurred on February 11 and 13, 2020. In the other grievance dated February 17, 2020, Plaintiff complains of Defendant Officer Bailey and asserts Bailey told Plaintiff he was not going to be allowed to go to yard or practice his religion. Plaintiff also mentions Defendant O'Leary in this grievance, complaining that O'Leary made similar statements. These grievances were received by the ARB on February 20, 2020 and returned without a decision on the merits. The ARB directed Plaintiff to submit responses from the counselor, grievance officer, and warden. Along with the February 17, 2020 grievances, the ARB also received letters from Plaintiff on February 20, 2020 indicating that he was told by certain staff members that if he placed any more grievances in the boxes he would be placed in segregation and false disciplinary charges would be lodged against him (Doc. 100-1 at 10-11).

    **5. February 18, 2020 Emergency Grievance** (Doc. 86-2 at 34): In this grievance, Plaintiff writes that he is being told he is not allowed to practice his religion or possess Islamic literature. The counselor responded to this grievance on February 18, 2020, directing Plaintiff to submit a new grievance because he did not include dates on which the incidents occurred. In the IDOC Defendants' brief, they indicate that this grievance was appealed to the ARB, but do not provide the page number or identify it as an exhibit and it does not appear in the record before the Court.

**6. February 24, 2020 Emergency Grievance** (Doc. 86-2 at 26): In this grievance, Plaintiff complains that he is not allowed to possess his religious materials and requests that he be allowed to practice his religion. The counselor responded to this grievance on February 24, 2020, directing Plaintiff to submit a new grievance because he did not include dates on which the incidents occurred. In the IDOC Defendants' brief, they indicate that this grievance was appealed to the ARB, but do not provide the page number or identify it as an exhibit and it does not appear in the record before the Court.

In response to Defendants' motions, Plaintiff asserts he submitted numerous grievances complaining of Defendants' conduct at issue in this lawsuit, but did not receive any response to the same. Plaintiff asserts that due to his lack of receiving an institutional response to his grievances, he sent many letters, along with his grievances, directly to the ARB asking that the ARB forward his grievances to Pinckneyville so they would be addressed by his facility. Plaintiff provided the letters he sent the ARB, but did not provide the grievances. Plaintiff argues his request to the ARB to forward his grievances to his institution was appropriate because he was not receiving responses to his grievances upon submission at his facility. In support of his position, Plaintiff references his Cumulative Counseling Summary wherein there is a note on October 29, 2019 stating that the Grievance Officer received a grievance dated September 29, 2019 regarding safety that had been sent back from the ARB to Pinckneyville for review (*see* Doc. 100-3 at 6). This grievance does not appear to be in the record before the Court.

Plaintiff also argues that he has an extensive history of exhausting his administrative remedies that demonstrates he would have exhausted his claims prior to filing this lawsuit.

Pursuant to *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008), the Court held a hearing on the issue of exhaustion on May 20, 2020. At the hearing, Plaintiff testified that he was familiar with

the grievance process, but had difficulties exhausting his administrative remedies. Plaintiff asserted most of the Defendants were not mentioned in his August 27, 2019 grievance that was exhausted because he had not yet had encounters with them. Plaintiff explained that when he transferred to a new cellhouse in September 2019 he started having difficulties getting responses to his grievances. Plaintiff reiterated the statements made in his responses explaining that he wrote complaints to the ARB and asked that the ARB forward grievances back to Pinckneyville so he could go through the proper levels. Plaintiff testified that he was assigned counselor Semolinski from June 2019 to September 2019 and was able to exhaust grievances during this period; however, Plaintiff asserted he was not able to exhaust grievances after September 2019. Plaintiff clarified there may have been some grievances exhausted after this date, but only if they were already with the Grievance Office.

With regard to the grievances Plaintiff sent directly to the ARB, Plaintiff explained these were handwritten copies of those that had been sent to his counselors but were met without a response. Plaintiff also testified that two counselors, Reid and Brown, advised Plaintiff they would not process grievances that could get other "officers in trouble." Plaintiff had either counselor Reid or Brown from January 2020 to June 2020; however, Plaintiff acknowledged in his closing brief supplement that he also had other counselors during this time.

Plaintiff was questioned in regards to his credibility at the hearing, wherein he testified that some of his prior lawsuits were dismissed due to errors he made on his fee applications. Plaintiff testified that he misunderstood certain questions in his applications. Plaintiff further testified that in *Hoskins v. Eovaldi, et al.*, 17-cv-1122, Judge Yandle found that he did not commit fraud.

## Legal Standards

***Summary Judgment Standard***

Summary judgment is appropriate only if the moving party can demonstrate "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322(1986); *see also Ruffin-Thompkins v. Experian Information Solutions, Inc.*, 422 F.3d 603, 607 (7th Cir. 2005). The moving party bears the initial burden of demonstrating the lack of any genuine issue of material fact. *Celotex*, 477 U.S. at 323. Once a properly supported motion for summary judgment is made, the adverse party "must set forth specific facts showing there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Estate of Simpson v. Gorbett*, 863 F.3d 740, 745 (7th Cir. 2017) (quoting *Anderson*, 477 U.S. at 248). In considering a summary judgment motion, the district court views the facts in the light most favorable to, and draws all reasonable inferences in favor of, the nonmoving party. *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 735 F.3d 962, 965 (7th Cir. 2013) (citation omitted).

*Exhaustion Requirements*

Pursuant to 42 U.S.C. § 1997e(a), prisoners are required to exhaust available administrative remedies prior to filing lawsuits in federal court. "[A] prisoner who does not properly take each step within the administrative process has failed to exhaust state remedies." *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002). "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999). "[A]ll dismissals under § 1997e(a) should be without prejudice." *Ford v. Johnson*, 362 F.3d 395, 401

(7th Cir. 2004).

An inmate in the custody of the Illinois Department of Corrections must first submit a written grievance within 60 days after the discovery of the incident, occurrence or problem, to his or her institutional counselor, unless certain discrete issues are being grieved. 20 ILL. ADMIN. CODE § 504.810(a). If the complaint is not resolved through a counselor, the grievance is considered by a Grievance Officer who must render a written recommendation to the Chief Administrative Officer — usually the Warden — within 2 months of receipt, "when reasonably feasible under the circumstances." *Id*. §504.830(e). The CAO then advises the inmate of a decision on the grievance. *Id.*

An inmate may appeal the decision of the Chief Administrative Officer in writing within 30 days to the Administrative Review Board for a final decision. *Id.* § 504.850(a); *see also Dole v. Chandler*, 438 F.3d 804, 806–07 (7th Cir. 2006). The ARB will submit a written report of its findings and recommendations to the Director who shall review the same and make a final determination within 6 months of receipt of the appeal. 20 ILL. ADMIN. CODE § 504.850(d) and (e).

An inmate may request that a grievance be handled as an emergency by forwarding it directly to the Chief Administrative Officer. *Id.* § 504.840. If it is determined that there exists a substantial risk of imminent personal injury or other serious or irreparable harm, the grievance is handled on an emergency basis, which allows for expedited processing of the grievance by responding directly to the offender. *Id.* Inmates may further submit certain types of grievances directly to the Administrative Review Board, including grievances related to protective custody, psychotropic medication, and certain issues relating to facilities other than the inmate's currently assigned facility. *Id.* at § 504.870.

**Discussion**

Upon consideration of the evidence in the record and evaluation of the arguments of the parties, the Court finds Plaintiff exhausted his administrative remedies prior to filing this lawsuit.

First, the Court finds there is only one grievance that completed the administrative review process as written. This grievance, dated August 27, 2019, addresses the claims against Defendants Dudek, Groves, Hale, Meracle, Mumbower, Swisher, and Wall. Defendants acknowledge the same; however, they argue this grievance only exhausts any claims up to August 27, 2019, and nothing beyond that date. The Court disagrees. Plaintiff need not have filed multiple, successive grievances against Defendants Dudek, Groves, Hale, Meracle, Mumbower, Swisher, and Wall raising the same issues addressed in this grievance as the conduct at issue was clearly continuing. *See Turley v. Rednour*, 729 F.3d 645, 650 (7th Cir. 2013). Accordingly, Plaintiff's August 27, 2019 grievance exhausted all claims against the above-named defendants.

Next, the Court considers whether Plaintiff made efforts to exhaust all *available* administrative remedies as to his claims against Defendants Rueter, Williams, Adams, Bailey, Baker, Bell, Cooley, Harriss, Johnson, Jurkowski, Justice, Kulich, Lively, O'Leary, Peek, Petitjean, Shirley, Tomshack, Vanderkhove, Wanach, and Wangler. Generally, Plaintiff testified that he repeatedly attempted to submit grievances naming these Defendants, but was met with no response. Accordingly, Plaintiff asserts he submitted handwritten copies of these grievances to the ARB with a letter asking that the ARB forward the grievances to his facility for review. These letters were provided to the Court and had been received by the ARB. The letters also pre-date the filing of this lawsuit.

The Court has also reviewed the grievances in the record and Plaintiff's Cumulative Counseling Summary and finds sufficient evidence in the record to corroborate Plaintiff's claims

and deem this aspect of his testimony to be credible.  In particular, in his grievances dated September 13, 2019 (Doc. 86-2 at 119-120), March 2, 2020 (Doc. 86-2 at 20-21), May 5, 2020 (Doc. 86-2 at 4-5), Plaintiff discusses his concerns that his grievances have not been responded to by the facility and asks for further review.   The Court also notes there are references to grievances that should be in the ARB records that are not, which is troubling when attempting to discern the accuracy and completeness of the grievance records.  For example, on October 29, 2019, Plaintiff's Cumulative Counseling Summary reflects an entry by counselor Hale in which she wrote that the Grievance Office received grievance #3598-10-19 regarding safety that was sent from the ARB to Pinckneyville for review.  Despite the Court's best efforts, it was unable to locate this grievance in the grievance documents that were filed by the parties.  The IDOC Defendants also indicated Plaintiff's February 18 and 24, 2020 grievances were appealed to the ARB; however, again, the Court was unable to find these grievances in the ARB grievance records.   While the Court notes counsel's concerns regarding Plaintiff's veracity and acknowledges certain inconsistencies in his testimony, the Court finds these issues are outweighed by the evidence in the record and are not particularly relevant to the salient issues before the Court. For these reasons, the Court finds Plaintiff was thwarted in his attempts to exhaust grievances against Defendants Rueter, Williams, Adams, Bailey, Baker, Bell, Cooley, Harriss, Johnson, Jurkowski, Justice, Kulich, Lively, O'Leary, Peek, Petitjean, Shirley, Tomshack, Vanderkhove, Wanach, and Wangler.

## **Conclusion**

Based on the foregoing, the Motion for Summary Judgment for Failure to Exhaust Administrative Remedies filed by Defendant Rueter (Doc. 75), the Motion for Summary Judgment on the Issue of Exhaustion filed by Defendants Adams, Bailey, Baker, Bell, Cooley, Dudek,

Groves, Hale, Harriss, Heck, Hermann, Johnson, Jukowski, Justice, Kulich, Lively, Mercale, Mumbower, O'Leary, Peek, Petitjean, Shirley, Swisher, Tomshack, Vanderkhove, Wall, Wanack, and Wangler (Doc. 85), and the Second Motion for Summary Judgment for Failure to Exhaust Administrative Remedies filed by Defendants Rueter and Williams (Doc. 99) are **DENIED**.

**IT IS SO ORDERED.**

**DATED: June 1, 2021**

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**
