IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOSHUA HOSKINS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No.  20-cv-302-RJD |
| | ) |
| CHARLES SWISHER, et al., | ) |
| | ) |
| Defendants. | ) |

**ORDER**

**DALY, Magistrate Judge:**

Plaintiff Joshua Hoskins, an inmate in the custody of the Illinois Department of Corrections ("IDOC"), filed this lawsuit pursuant to 42 U.S.C. § 1983 alleging his constitutional rights were violated while he was incarcerated at Pinckneyville Correctional Center ("Pinckneyville"). In his amended complaint, Plaintiff alleges he was not allowed to attend religious services from June 15, 2019 to March 31, 2020, and certain religious items, including the Quran, were confiscated and/or denied. Plaintiff alleges these actions were taken in retaliation for Plaintiff filing grievances against Pinckneyville staff. Plaintiff's amended complaint was screened pursuant to 28 U.S.C. § 1915A and he was allowed to proceed on the following claims:

> Count One:  First Amendment retaliation claim against Swisher, Wall, Hale, Harriss, Bailey, Justice, Kulich, Rueter, Williams, Heck, Meracle, Dudek, Hermann, Bell, Tomshack, Shirley, Peek, Mumbower, Grove, Adams, Lively, Baker, Vandekerove, Wangler, Wanak, Jurkowski, Cooley, Johnson, Petitjean, and Olearly for denying Plaintiff access to religious services and religious materials for filing grievances and lawsuits.
>
> Count Two:  First Amendment claim against Defendants Swisher, Wall, Hale, Harriss, Bailey, Justice, Kulich, Rueter, Williams, Heck, Meracle, Dudek, Hermann, Bell, Tomshack, Shirley, Peek, Mumbower, Grove, Adams, Lively, Baker, Vandekerove, Wangler, Wanak,

                                        Jurkowski, Cooley, Johnson, Petitjean, and Olearly for substantially burdening Plaintiff's exercise of religion.

Count Three:   First Amendment retaliation claim against Justice, Bell, Wangler, Wanak, and Heck for bringing false disciplinary charges against Plaintiff and placing him in segregation for filing grievances and lawsuits.

This matter is now before the Court on a Motion to Compel filed by Plaintiff (Doc. 131), as well as three motions captioned as "Motions for the Court to Consider when Ruling on Plaintiff Motion to Compel Showing Cause," which the Court construes as Motions to Supplement (Docs. 134, 135, and 136). For the reasons set forth below, the Motion to Compel is **GRANTED IN PART AND DENIED IN PART**. Plaintiff's Motions to Supplement are **GRANTED** and the Court has incorporated Plaintiff's supplemental arguments in its discussion where relevant, as set forth below.

In his motion to compel, Plaintiff sets forth various arguments complaining of Defendants' responses and objections to his discovery requests. In some instances, Plaintiff identified specific discovery requests and responses associated with the argument. Plaintiff also set forth some general arguments. Attached to his motion to compel are Plaintiff's interrogatories directed to Defendant Jana Rueter and her answers thereto, interrogatories directed to Defendant Anthony Williams and his objections thereto, and requests for production of documents directed to Rueter and Williams and their responses thereto. Based on the arguments set forth in his motion, the Court finds the following requests at issue and sets forth its ruling as to each request below.

As a preliminary matter, the Court notes Defendants' contention that Plaintiff failed to informally resolve his discovery disputes prior to filing his motion. In his motion, Plaintiff asserts he attempted to communicate with Defendant Rueter's counsel by attaching and submitting a written letter regarding the discovery requests. Defendants correctly point out that their

discovery responses were placed in the mail on July 22, 2021. Less than two weeks later, on August 2, 2021, Plaintiff filed his thirty-seven page motion (the Court also notes the motion was dated July 30, 2021, just eight days after service of Defendants' responses). Defendants contend, and the Court agrees, that given this timeframe and consideration for time for mailing, there was insufficient time for Plaintiff to genuinely attempt to engage Defendants in any informal resolution of his discovery disputes. In this instance, for the sake of expediency, the Court will consider Plaintiff's motion to compel. However, if Plaintiff files any subsequent motions to compel, he must provide documentary evidence establishing his attempts to confer with Defendants prior to filing.

With regard to consideration of Plaintiff's requests and Defendants' responses thereto, the Court addresses the proper scope of discovery. The scope of discovery is set forth in Rule 26(b)(1) of the Federal Rules of Civil Procedure. The current language of the Rule provides:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

The Supreme Court has cautioned that the requirement under Rule 26(b)(1) that the material sought in discovery be "relevant" should be firmly applied, and the district courts should not neglect their power to restrict discovery where necessary. *Herbert v. Lando*, 441 U.S. 153, 177 (1979); *see also Balderston v. Fairbanks Morse Engine Div. of Coltec Indus.*, 328 F.3d 309, 320 (7th Cir. 2003). However, "relevancy" for discovery purposes is construed broadly to encompass matters that bear on, or reasonably could lead to other matters that could bear on, any

issue in the case. *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (citing *Hickman v. Taylor*, 329 U.S. 495, 501 (1947)). "Relevance is not inherent in any item of evidence, but exists only as a relation between an item of evidence and the matter properly provable in the case." *Miller UK Ltd. v. Caterpillar, Inc.*, 17 F.Supp.3d 711, 722 (N.D. Ill. Jan. 6, 2014) (citation omitted).

Finally, the Court notes that Defendant Williams is currently on military leave and this action is stayed as to him until February 28, 2022 (Doc. 129). It appears Williams was on military leave at the time Plaintiff propounded his discovery requests. As such, Williams provided only objections to Plaintiff's interrogatories. Insofar as Plaintiff's arguments can be applied to Williams' objections to the interrogatories and requests for production of documents, the Court rules on the same. However, Williams need not supplement his responses until **March 28, 2022**.

**<u>Interrogatory #4</u>**

Plaintiff asks Defendants whether they have ever been sued, suspended, placed on investigative status, or arrested without prosecution. Defendants objected to the request as overly broad, unduly burdensome, and not proportional to the needs of the case. Defendants also assert the personal information sought is irrelevant and can only be used for improper purposes, including harassment. Finally, Defendants contend that given the nature of this case, the information sought could pose safety and security concerns.

In response to Defendants' objections, Plaintiff asserts this information is relevant to Defendants' credibility and poses no security threat. Plaintiff points to interrogatory responses he received in an unrelated case (*Hoskins v Eovaldi, et al.*, 17-cv-1122), in which a defendant objected to a similar question, but without waiving the objection, provided an answer regarding the defendant's placement on suspension and investigative status.

First, while the Court acknowledges Plaintiff's exhibits that reference discovery from other cases, the Court will not rely on the same. Those cases, facts, and allegations at issue are distinct from the case at bar and whether or not a defendant answered a similar question is not indicative of whether a response is or is not appropriate in this case.

With regard to the substance of the request and objection, the Court **SUSTAINS** the objections in part and **OVERRULES** the objections in part. Plaintiff's claims against Rueter and Williams relate to their alleged involvement in denying Plaintiff access to religious services and religious materials for filing grievances and lawsuits. Plaintiff must establish that Rueter and Williams were personally involved in the alleged unconstitutional conduct. *See Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017). Thus, discovery of complaints, investigations, or civil cases alleging that Rueter or Williams denied an inmate access to religious items and/or retaliated against an inmate by doing so, may be relevant or lead to relevant evidence. Plaintiff's interrogatory #4 is overly broad insofar as it is not limited to the above. Thus, the Court modifies interrogatory #4 and requires Defendants Rueter and Williams to provide answers concerning complaints, investigations, or civil cases that occurred from January 1, 2016 to January 1, 2021 alleging that Rueter or Williams denied an inmate access to religious items and/or retaliated against an inmate by doing so.

**Interrogatory #5**

Plaintiff asks Defendants whether inmates have ever written grievances against them, and if so, for what reason. Defendants objected to the request as overly broad, unduly burdensome, and not proportional to the needs of the case. Defendants also assert Plaintiff's request is irrelevant and seeks inadmissible character evidence. Finally, Defendants assert Plaintiff's request seeks medical information of non-parties.

In his motion to compel, Plaintiff asserts the names and other personal identifying information can be redacted from the grievances he seeks.

Defendants' objections are **SUSTAINED**. Plaintiff's request is overly broad and not proportional to the needs of this case.

**Interrogatory #15**

Plaintiff asks Defendants for their work schedule from June 2019 to March 2020. Defendants objected to the request as overly broad, unduly burdensome, and not proportional to the needs of the case. Defendants also assert Plaintiff's request is irrelevant and seeks personal information that may present safety and security concerns if disclosed. Defendant Rueter also indicated that subject to without waiving her objections, her typical schedule during this time required her to work every other weekend and she was off work every other Monday and Friday.

In his motion to compel, Plaintiff complains that these objections are ill-founded. Plaintiff asserts the information is important to ensure Rueter does not falsely state she was not present at Pinckneyville during the dates relevant to his complaint. Plaintiff asserts Defendants can provide dates they worked as Rueter and others have provided this information in other, unrelated cases.

Defendant Rueter asserts she does not maintain staffing rosters (as set forth in response to a request to produce served by Plaintiff) and notes that Plaintiff has been caught fabricating allegations against her for days she could not have been present at the facility in other cases. Simply put, Rueter contends Plaintiff is trying to make his allegations fit the evidence.

While dates on which Defendants worked at Pinckneyville may be relevant, Plaintiff's request is overly broad and not proportional to the needs of the case. As such, Defendants' objections are **SUSTAINED IN PART AND OVERRULED IN PART**. The Court finds

Page **6** of **12**

Plaintiff's interrogatory must be modified to ask only whether Defendants Williams and Rueter were at Pinckneyville on the dates mentioned in his complaint relative to these Defendants. Plaintiff may propound a supplemental interrogatory on Williams and Rueter asking whether they worked on specific dates mentioned by Plaintiff in his complaint. Plaintiff must list the dates about which he is inquiring in his supplemental interrogatory, and the dates must correspond to dates mentioned in his complaint involving Defendants Williams and Rueter. Plaintiff must serve this supplemental interrogatory by **October 29, 2021**.

**Request for Production #1**

In this request, Plaintiff seeks all rosters from Pinckneyville identifying all nurses/mental health staff who were employed by Wexford from June 5, 2019 to March 30, 2020. Defendants objected to the request as overly broad, unduly burdensome, and not proportional to the needs of the case. Defendants further contend that Plaintiff's request may present safety and security concerns. Defendant Rueter remarked that subject to and without waiving her objections, she does not maintain staffing rosters.

Defendants' objections are **SUSTAINED**. Plaintiff's request is clearly overbroad and not proportional to the needs of this case. The Court also notes that Defendants cannot produce documents they do not possess and they are not required to issue subpoenas or otherwise investigate to obtain documents not currently in their possession.

**Request for Production #2**

Plaintiff asks Defendants for all documents in their personnel file related to discipline. Defendants object to the request as overly broad, unduly burdensome, and not proportional to the needs of this case. Defendants also assert that Plaintiff seeks personal information of Defendants that is irrelevant and can only be used for improper purposes, including harassment of Defendants.

Defendants also object that the request may present safety and security concerns, and may seek information protected by the attorney-client privilege and work product doctrine.

In his motion to compel, Plaintiff asserts he needs the documents for credibility purposes. Plaintiff does not specifically address the substance of Defendants' objections.

The Court **SUSTAINS** the objections in part and **OVERRULES** the objections in part. Plaintiff's claims against Rueter and Williams relate to their alleged involvement in denying Plaintiff access to religious services and religious materials for filing grievances and lawsuits. Plaintiff must establish that Rueter and Williams were personally involved in the alleged unconstitutional conduct. *See Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017). Thus, discovery of discipline related to Rueter or Williams denying an inmate access to religious items may be relevant or lead to relevant evidence. Plaintiff's request for production #2 is overly broad insofar as it is not limited to the above. Thus, the Court modifies request for production #2 and requires Defendants Rueter and Williams to provide documents, if any, related to discipline based on their denial of an inmate's access to religious items that occurred from January 1, 2016 to January 1, 2021.

## Request for Production #3

Plaintiff asks Defendants to produce all documents identifying the duties of mental health professionals, RNs, LPNs, and mental health nurses when responding to and reporting incidents. Defendants objected to the request as overly broad, unduly burdensome, and not proportional to the needs of this case.

Plaintiff contends he needs these documents in the event Defendant Rueter chooses to lie to the court about her duties. Plaintiff asserts this information does not pose a security threat, and notes he already has documents containing job duties and descriptions of a security shift

supervisor.

Defendants' objections are **SUSTAINED**. Plaintiff's request is overly broad, and the Court cannot discern its relevancy in proportion to the needs of the case.

**Request for Production #4**

Plaintiff requests all documents identifying the duties of Defendants Rueter and Williams. Defendants objected to this request as overly broad, unduly burdensome, and not proportional to the needs of the case. Defendants also assert the request may present safety and security concerns, and seeks privileged information.

In his motion, Plaintiff asserts this information does not pose a security threat, and notes he already has documents containing job duties and descriptions of a security shift supervisor.

Defendants' objections are **OVERRULED** in part and **SUSTAINED** in part. Defendants shall supplement their response and provide documents describing and identifying the formal job duties they held in their position(s) at all times relevant to the complaint. If Defendants withhold any documents on the basis of privilege, they must provide Plaintiff with a privilege log properly documenting that documents have been withheld.

**Request for Production #5**

Plaintiff requests all documents that Defendants Rueter and Williams have to follow. Plaintiff asserts these documents should identify who authored them and how long they had been in effect. Defendants objected to this request as overly broad, unduly burdensome, vague, and not proportional to the needs of the case. Defendants also assert the request may present safety and security concerns, and seeks privileged information.

Plaintiff asserts this information does not present a security threat, and notes he already has documents containing job duties and descriptions of a shift supervisor.

Page **9** of **12**

Defendants' objections are **SUSTAINED**.

**Request for Production #6**

Plaintiff asks for all documents identifying the work schedule and attendance of Defendants Rueter and Williams from June 5, 2019 to March 30, 2020.  Defendants objected to this request as overly broad, unduly burdensome, and not proportional to the needs of the case.  Defendants also assert the request may present safety and security concerns, and seeks privileged information.   Subject to and without waiving her objections, Defendant Rueter answered that she does not maintain staffing rosters, and referred Plaintiff to her answer to interrogatory #15.

While dates on which Defendants worked at Pinckneyville may be relevant, Plaintiff's request is overly broad and not proportional to the needs of the case.  As such, Defendants' objections are **SUSTAINED IN PART AND OVERRULED IN PART**.  The Court finds Plaintiff's request must be limited to seek only those documents identifying the attendance of Defendants Williams and Rueter at Pinckneyville on the dates mentioned in his complaint relative to these Defendants.  Plaintiff may propound a supplemental request on Williams and Rueter asking for attendance records for specific dates mentioned by Plaintiff in his complaint.   Plaintiff must list the dates about which he is inquiring in his supplemental request, and the dates must correspond to dates mentioned in his complaint involving Defendants Williams and Rueter.  Plaintiff must serve this supplemental request by **October 29, 2021**.

**Request for Production #7**

Plaintiff asks for all documents identifying the positions held by Defendants Rueter and Williams from June 5, 2019 to March 30, 2020.  Defendants objected to this request as overly broad, unduly burdensome, and not proportional to the needs of the case.  Defendants also assert the request may present safety and security concerns, and seeks privileged information.   Subject

to and without waiving her objections, Defendant Rueter indicates she has been employed by Wexford as a Mental Health RN at Pinckneyville CC during the relevant time, but was also on a leave of absence at times.

Defendants' objections are **OVERRULED**.  Defendants shall supplement their response to this request and provide documents identifying what positions they held at Pinckneyville for the dates requested.

**Request for Production #8**

Plaintiff seeks all documents identifying case names and numbers of criminal cases, lawsuits, reasons for suspensions and investigative status of/for Defendants Rueter and Williams. Defendants objected to this request as overly broad, unduly burdensome, and not proportional to the needs of the case.  Defendants also assert the request is irrelevant and seeks inadmissible character evidence.  Defendants further object that the request seeks information protected by privilege.

The Court **SUSTAINS** the objections in part and **OVERRULES** the objections in part. Plaintiff's claims against Rueter and Williams relates to their alleged involvement in denying Plaintiff access to religious services and religious materials for filing grievances and lawsuits. Plaintiff must establish that Rueter and Williams were personally involved in the alleged unconstitutional conduct.  *See Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017). Thus, discovery of discipline related to Rueter or Williams denying an inmate access to religious items may be relevant or lead to relevant evidence.   Plaintiff's request for production #8 is overly broad insofar as it is not limited to the above.   Thus, the Court modifies request for production #8 and requires Defendants Rueter and Williams to provide documents, if any, concerning lawsuits, suspensions, and placement on investigative status related to their denial of an inmate's access to

religious items that occurred from January 1, 2016 to January 1, 2021.

## Conclusion

Based on the foregoing, Plaintiff's Motion to Compel (Doc. 131) is **GRANTED IN PART AND DENIED IN PART**, and Plaintiff's Motions to Supplement (Docs. 134, 135, and 136) are **GRANTED**. As set forth in the Order, Plaintiff may serve supplemental requests as directed by **October 29, 2021**. Insofar as Defendant Rueter is ordered to supplement her answers/responses, such supplemental responses shall be served on Plaintiff by **November 15, 2021**. Defendant Williams shall provide his supplemental responses by **March 28, 2022**.

**IT IS SO ORDERED.**

**DATED: October 14, 2021**

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**