IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| JOSHUA HOSKINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.  20-cv-302-RJD |
| | ) | |
| CHARLES SWISHER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

**DALY, Magistrate Judge:**

Plaintiff Joshua Hoskins, an inmate in the custody of the Illinois Department of Corrections ("IDOC"), filed this lawsuit pursuant to 42 U.S.C. § 1983 alleging his constitutional rights were violated while he was incarcerated at Pinckneyville Correctional Center ("Pinckneyville"). In his amended complaint, Plaintiff alleges he was not allowed to attend religious services from June 15, 2019 to March 31, 2020, and certain religious items, including the Quran, were confiscated and/or denied. Plaintiff alleges these actions were taken in retaliation for Plaintiff filing grievances against Pinckneyville staff. Plaintiff's amended complaint was screened pursuant to 28 U.S.C. § 1915A and he was allowed to proceed on the following claims:

> Count One: First Amendment retaliation claim against Swisher, Wall, Hale, Harriss, Bailey, Justice, Kulich, Rueter, Williams, Heck, Meracle, Dudek, Hermann, Bell, Tomshack, Shirley, Peek, Mumbower, Grove, Adams, Lively, Baker, Vandekerove, Wangler, Wanak, Jurkowski, Cooley, Johnson, Petitjean, and Olearly for denying Plaintiff access to religious services and religious materials for filing grievances and lawsuits.
>
> Count Two: First Amendment claim against Defendants Swisher, Wall, Hale, Harriss, Bailey, Justice, Kulich, Rueter, Williams, Heck, Meracle, Dudek, Hermann, Bell, Tomshack, Shirley, Peek, Mumbower, Grove, Adams, Lively, Baker, Vandekerove, Wangler, Wanak,

Page **1** of **10**

       Jurkowski, Cooley, Johnson, Petitjean, and Olearly for substantially burdening Plaintiff's exercise of religion.

Count Three: First Amendment retaliation claim against Justice, Bell, Wangler, Wanak, and Heck for bringing false disciplinary charges against Plaintiff and placing him in segregation for filing grievances and lawsuits.

This matter is now before the Court to address numerous motions and other filings, mostly submitted by Plaintiff, as follows:

- Plaintiff's Motion to Increase the Limit of Document Production Requests (Doc. 162)
- Plaintiff's Motion to Compel against the Defendants Showing Cause (Doc. 163)
- Plaintiff's Notice to the Court Showing Cause (Doc. 167)
- Plaintiff's Motion for the Court to Advise (Doc. 168)
- Plaintiff's Notice to the Court (Doc. 169)
- Plaintiff's Notice to the Above Court (Doc. 172)
- Plaintiff's Supplemental Motion to Compel and Consider Showing Cause (Doc. 173)
- Plaintiff's Notice to the Court (Doc. 177)
- Defendant Reuter and Williams' Motion to Continue Stay and Amend the Scheduling Order (Doc. 178)
- 
- IDOC Defendants' Motion for Extension of Time to Respond to Discovery Requests (Doc. 180)
- 
- Plaintiff's Notice to the Court Showing Cause (Doc. 181)
- Plaintiff's Motion and Notice to the Court (Doc. 182)
- Plaintiff's Motion for the Court to Provide Plaintiff with a Copy of Motion Filed by Plaintiff Showing Cause (Doc. 183)
- Plaintiff's Combined Motions and Notice to the Court (Doc. 184)

- Plaintiff's Motion to the Court Showing Cause (Doc. 188)

- Plaintiff's Motion to Compel against Wexford Defendant Jana Rueter Showing Cause (Doc. 196)

- Plaintiff's Motion to Compel against the IDOC Defendants Second Motion to Compel (Doc. 197)

- Plaintiff's Supplemental Motion to Compel against Defendant Jana Rueter (Doc. 199)

- Plaintiff's Supplemental Motion to Compel against Defendant Jana Rueter (Doc. 200)

- IDOC Defendants' Motion to Stay Dispositive Motion Deadline (Doc. 203)

As a preliminary matter, the Court advises Plaintiff that continually filing motions and notices does not serve to expedite rulings — indeed, such continual filings have the opposite effect and necessarily delay the Court as the undersigned must wait for a response to be filed before ruling on the same. This is not the first time Plaintiff has been advised against this practice. *See, e.g., Hoskins v. Swisher*, Case No. 3:20-cv-395-MAB. The Court again cautions Plaintiff that it is not required to endure repetitive and frivolous filings. Plaintiff is hereby **WARNED** that if he continues to inundate the Court with filings, the Court will issue whatever sanctions may be warranted, which could include a monetary fine, a filing prohibition, or dismissal of his case, in order to deter him from continuing his abusive filing practices. The Court reiterates that if Plaintiff proceeds mindfully in his filings, the Court will be able to address his concerns in a more expeditious manner.

Plaintiff's filings in this instance are particularly onerous as many do not stand on their own and seek discrete relief. Indeed, many of Plaintiff's filings address, supplement, explain or further complicate previous filings Plaintiff has made. As such, rather than address with specificity each motion or notice, for efficiency, the Court takes up and discusses the issues

presented, and then sets forth its rulings as to particular motions following its discussion.

First, Plaintiff seeks to increase the limit of document production requests (Doc. 162), indicating he needs documents evidencing certain defendants were at his institution on dates his constitutional rights were violated. Defendants object to this request, and the Court agrees. Plaintiff has not presented good cause to propound additional document requests on Defendants. Indeed, the Court is not clear as to why the documents Plaintiff seeks were not or could not be requested in his first request for documents propounded on Defendants. Moreover, much of Plaintiff's motion is targeted at Defendant Rueter, and Plaintiff seemingly seeks various documents, including shift logbooks and healthcare unit rosters to evidence Rueter's presence at the institution on certain dates. Plaintiff has previously requested rosters, and this Court has already sustained Defendant Rueter's objection to the same, finding that Rueter does not maintain staffing rosters and she is not required to investigate to obtain such documents. Moreover, Plaintiff already requested rosters from IDOC Defendants, and they responded to this request, indicating they requested rosters for January 6, 2020 and January 14, 2020, and would provide them when they are received (*see* Doc. 197 at 7). If Plaintiff objects to this response, he should file a motion to compel explaining the basis for his objection, not a motion seeking more requests to produce. Because the record before the Court does not support a finding of good cause to allow additional requests to produce documents, such request for relief is denied.

Many of Plaintiff's filings focus on Defendant Rueter, and Plaintiff complains Rueter is lying about knowing her work schedule and whether she was present at the institution on October 31, 2019 and November 7, 2019. Plaintiff asserts Rueter answered questions about her work schedule in another case, and asserts this is evidence she has and is able to obtain her work schedule. The Court has reviewed the particular response Plaintiff complains of, which appears

to be limited to Rueter's response to supplemental interrogatory number two (*see* Doc. 196 at 17), and finds her response to be adequate. In this request, Plaintiff asks if Rueter saw Plaintiff at the October 31 and November 7, 2019 non-compliance medication group, to which Rueter indicated she does not recall whether she was present on these dates, and indicated she would supplement her response if she is able to recall or able to locate documentation concerning these dates. Rueter is not required to provide further documentation or provide documents not in her control to further respond to this interrogatory. Moreover, whether she provided more information concerning her whereabouts or schedule in another case is not relevant to the issues here. The Court, therefore, declines to order Rueter to supplement her response to this interrogatory.

Plaintiff also filed various motions and notices concerning the IDOC Defendants' responses to discovery requests. Generally, it appears Plaintiff's primary complaint was that he had not received timely responses to his requests. Based on the record provided by Plaintiff, it is difficult to discern what requests were sent to whom and when. Thus, it is difficult to determine when responses were due. However, based on IDOC Defendants' responses to Plaintiff's motions, it appears there may have been some minor delays in serving discovery responses. While the Court urges Defendants to provide timely responses, sanctioning or otherwise entering an order at this juncture regarding a minor delay in sending discovery responses does not appear necessary, productive or beneficial. As such, the Court excuses the slight delays Defendants had in serving responses to Plaintiff's discovery requests.

Beyond the timing of Defendants' discovery responses, Plaintiff asserts he has not yet received Defendant Swisher's responses to his first interrogatory requests. In response, Defendants state that "[a]s outlined in Defendants' reply, Plaintiff's claims that he did not receive Defendant Swisher's responses cannot be true." (Doc. 201 at 3). Defendants then cite to

"Exhibit B." Exhibit B, however, was not attached as an exhibit to Defendants' response. The Court has reviewed Defendants' filings and has been unable to find documentary evidence showing Swisher has provided his responses. As such, Defendant Swisher is **ORDERED** to file a supplemental response to Plaintiff's Motion to Compel against the IDOC Defendants (Doc. 197), and provide necessary documentary evidence, if applicable, indicating whether Swisher has responded to Plaintiff's first and supplemental interrogatories. Said supplemental response must be filed by **June 10, 2022**.

Plaintiff also complains in his various filings that IDOC Defendants have not responded to his request for production of documents. A review of the evidence in the record provides clarification that Defendants have responded to Plaintiff's production requests (*see* Doc. 197 at 6-11). Thus, it appears Plaintiff takes issue with the responses he received. Insofar as Plaintiff finds Defendants' responses to be inadequate, he must file a motion citing, with specificity, which responses and/or objections he disputes. Any such motions to compel shall be filed by **June 10, 2022**. Plaintiff's general complaint that Defendants have not responded to his requests is insufficient to provide Defendants, and the Court, with notice of the particular issues Plaintiff has identified. The Court also notes that in a number of their responses, Defendants indicate they have requested information from Pinckneyville. Defendants are reminded they are under a continuing obligation to supplement their responses under Federal Rule of Civil Procedure 26(e).

In their responses to Plaintiff's motions, Defendants inserted their own requests for relief on a few occasions. The Court advises the parties that if they seek relief from the Court, said relief should be requested by separate motion. The Court understands the docket in this matter is active and certainly replete with motions, but in order to fully address an issue, a request for relief should not be set forth in a response brief. In any event, the Court addresses these miscellaneous

issues as follows.

Wexford Defendants' request that the Wexford job description attached to Plaintiff's Motion to Increase the Limit of Document Production Requests (Doc. 162 at 6-10) be sealed or stricken is **DENIED**. While the Court agrees that the description's relevancy to Plaintiff's motion is limited, at best, it does not appear the filing of the same is in contravention of any protective order or other rule applicable to this case.

Defendants' request to order sanctions against Plaintiff for continuing to ignore applicable rules and warnings by judges in this District (Docs. 175, 185) is **DENIED without prejudice**. The Court declines to enter sanctions at this time without full briefing by the parties. However, the Court may, in its discretion, enter appropriate sanctions if deemed necessary if Plaintiff files fraudulent motions or otherwise refuses to obey court orders.

Defendant Rueter and Williams' Motion to Continue Stay and Amend the Scheduling Order (Doc. 178) is **GRANTED**. Williams' deadline to respond to discovery is extended to **June 30, 2022**. Discovery as to Williams shall close on **July 15, 2022**.

Plaintiff's request for an order that he receive his deposition transcript for review is **FOUND AS MOOT**. Defendants represent that when his deposition transcript is received Plaintiff will be able to review it as requested.

Plaintiff's request for a copy of his motion to increase the limit of interrogatories is **GRANTED**. The Clerk of Court shall send Plaintiff a copy of the Motion at Doc. 156. The Court will provide this copy as a one-time courtesy, but generally, Plaintiff is responsible for maintaining his file and filings.

Due to the ongoing nature of the discovery disputes in this matter, the Court finds it necessary to enter the following Amended Scheduling Order:

1. Defendant Swisher shall file a supplemental response to Plaintiff's Motion to Compel against the IDOC Defendants (Doc. 197), and provide necessary documentary evidence, if applicable, indicating whether Swisher has responded to Plaintiff's first and supplemental interrogatories by **June 10, 2022**.

2. Plaintiff shall file any motions to compel directed to previous discovery responses provided by Defendants by **June 10, 2022**. Any such motions shall state with specificity the request and objection or response at issue, and a copy of the request and objection or response must also be filed with the Court.

3. Defendant Williams shall respond to discovery timely propounded by Plaintiff while Williams was on military leave by **June 30, 2022**.

4. Discovery as to Defendant Williams shall be completed by **July 15, 2022**.

5. Dispositive motions shall be filed by **August 1, 2022**.

The Final Pretrial Conference and Trial dates remain unchanged.

The disposition of currently pending motions is as follows[1]:

- Plaintiff's Motion to Increase the Limit of Document Production Requests (Doc. 162) is **DENIED**.

- Plaintiff's Motion to Compel against the Defendants Showing Cause (Doc. 163) is **FOUND AS MOOT IN PART AND DENIED IN PART**.

- Plaintiff's Motion for the Court to Advise (Doc. 168) is **FOUND AS MOOT**.

- Plaintiff's Supplemental Motion to Compel and Consider Showing Cause (Doc. 173) is **FOUND AS MOOT**.

- Defendant Reuter and Williams' Motion to Continue Stay and Amend the Scheduling Order (Doc. 178) is **GRANTED**.

---

[1] Although the Court addressed issues set forth in various "Notices" filed by Plaintiff in its above discussion, it does not set forth a disposition for said Notices because these Notices were not filed as motions and, therefore, they do not require a ruling.

- IDOC Defendants' Motion for Extension of Time to Respond to Discovery Requests (Doc. 180) is **FOUND AS MOOT**.

- Plaintiff's Motion and Notice to the Court (Doc. 182) is **FOUND AS MOOT**.

- Plaintiff's Motion for the Court to Provide Plaintiff with a Copy of Motion Filed by Plaintiff Showing Cause (Doc. 183) is **GRANTED**.

- Plaintiff's Combined Motions and Notice to the Court (Doc. 184) is **FOUND AS MOOT**.

- Plaintiff's Motion to the Court Showing Cause (Doc. 188) is **DENIED IN PART AND TAKEN UNDER ADVISEMENT IN PART**.

- Plaintiff's Motion to Compel against Wexford Defendant Jana Rueter Showing Cause (Doc. 196) is **DENIED**.

- Plaintiff's Motion to Compel against the IDOC Defendants Second Motion to Compel (Doc. 197) is **DENIED IN PART AND TAKEN UNDER ADVISEMENT IN PART**.

- Plaintiff's Supplemental Motion to Compel against Defendant Jana Rueter (Doc. 199) is **DENIED**.

- Plaintiff's Supplemental Motion to Compel against Defendant Jana Rueter (Doc. 200) is **DENIED**.

- IDOC Defendants' Motion to Stay Dispositive Motion Deadline (Doc. 203) is **GRANTED**.

- Wexford Defendants' request that the Wexford job description attached to Plaintiff's Motion to Increase the Limit of Document Production Requests (Doc. 162 at 6-10) be sealed or stricken is **DENIED**.

- Defendants' request to enter sanctions against Plaintiff for continuing to ignore applicable rules and warnings (Docs. 175, 185) is **DENIED without prejudice**.

**DATED: May 27, 2022**

*s/  Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**