IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOSHUA LEE HOSKINS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Case No.   20-cv-302-RJD |
| | ) |
| CHARLES SWISHER, et al., | ) |
| | ) |
| Defendants. | ) |

**ORDER**

**DALY, Magistrate Judge:**

Plaintiff Joshua Lee Hoskins, an inmate in the custody of the Illinois Department of Corrections ("IDOC"), filed this lawsuit pursuant to 42 U.S.C. § 1983 alleging his constitutional rights were violated while he was incarcerated at Pinckneyville Correctional Center ("Pinckneyville"). Prior the Court's ruling on Defendants' summary judgment motions, Plaintiff proceeded in this case on the following claims:

> Count One: First Amendment retaliation claim against Swisher, Wall, Hale, Harriss, Bailey, Justice, Kulich, Rueter, Williams, Heck, Meracle, Dudek, Hermann, Bell, Tomshack, Shirley, Peek, Mumbower, Grove, Adams, Lively, Baker, Vanderkhove, Wangler, Wanack, Jurkowski, Cooley, Johnson, Petitjean, and O'Leary for denying Plaintiff access to religious services and religious materials for filing grievances and lawsuits.
>
> Count Two: First Amendment claim against Defendants Swisher, Wall, Hale, Harriss, Bailey, Justice, Kulich, Rueter, Williams, Heck, Meracle, Dudek, Hermann, Bell, Tomshack, Shirley, Peek, Mumbower, Grove, Adams, Lively, Baker, Vanderkhove, Wangler, Wanack, Jurkowski, Cooley, Johnson, Petitjean, and O'Leary for substantially burdening Plaintiff's exercise of religion.
>
> Count Three: First Amendment retaliation claim against Justice, Bell, Wangler, Wanack, and Heck for bringing false disciplinary charges against Plaintiff and placing him in segregation for filing grievances and

lawsuits.

Following the Court's ruling on summary judgment, Plaintiff's case now proceeds on the following claims:

> Count One: First Amendment retaliation claim against Swisher and Wall for confiscating Plaintiff's religious items upon his arrival at Pinckneyville due to Plaintiff's filing of grievances and lawsuits.
>
> Count Two: First Amendment claim against Defendants Swisher and Wall for substantially burdening Plaintiff's exercise of religion by confiscating Plaintiff's religious items upon his arrival at Pinckneyville due to Plaintiff's filing of grievances and lawsuits.
>
> Count Three: First Amendment retaliation claim against Justice for bringing false disciplinary charges against Plaintiff and placing him in segregation for filing grievances and lawsuits.

Doc. 235, p. 17.

Now pending before the Court is Plaintiff's Motion to Alter the Court's ruling on Defendants' summary judgment motions. Doc. 237. Defendants filed Responses. Docs. 239, 240. A motion for reconsideration filed within 28 days of the final judgment is considered under Federal Rule of Civil Procedure 59(e). *Carter v. City of Alton*, 922 F.3d 824, 826, n. 1 (7th Cir. 2019). A motion to alter or amend judgment pursuant to Rule 59(e) may be granted if there is newly discovered evidence, or if the Court made a manifest error of law or fact. *Moro v. Shell Oil Co.,* 91 F.3d 872, 876 (7th Cir. 1992) (*citing Russell v. Delco Remy Div. of General Motors Corp.*, 51 F.3d 746, 749 (7th Cir. 1995)).

Plaintiff appears to be arguing that the Court made a manifest error of law and fact in its order on Defendants' summary judgment motions. Both Counts I and II involved alleged threats made by Defendants when Plaintiff arrived at Pinckneyville: namely, that his religious items would be taken from him either in retaliation for filing grievances or lawsuits, or in the alternative, to

burden his exercise of religion. The Court found that there was evidence (enough to create a genuine issue of material fact) to implicate Defendants Wall and Swisher for Plaintiff's confiscated items. The rest of the Defendants in Counts I and II were dismissed because the record reflected that they only threatened Plaintiff, or made vague assertions that they "knew about" the confiscations.

Plaintiff first argues that his Motion to Reconsider should be granted because the dismissed Defendants all told Plaintiff that their conduct against him was "out of retaliation" and because the dismissed Defendants all told Plaintiff that they were going to interfere with his mail and have his religious items confiscated during cell searches. In the summary judgment order, the Court acknowledged that Plaintiff testified regarding those threats, but because Plaintiff provided no evidence that the dismissed Defendants actually followed through on those threats, summary judgment was appropriate in their favor. Doc. 235, p. 8-10.

Plaintiff then claims that one of his grievances reflects that Defendants Mumbower, Meracle, Dudek, and Groves told him that they "admitted to the confiscation of Plaintiff's property" like Swisher and Wall; therefore, Plaintiff argues, Defendants Mumbower, Meracle, Dudek, and Groves should be reinstated as Defendants. However, the grievance simply reflects that the other Defendants told Plaintiff they were "involved" in the confiscation of his items. Doc. 237, pp. 7-9. At his deposition, Plaintiff clarified that the other Defendants acknowledged knowing that Swisher and Wall had taken his items and further threatened Plaintiff that he would not be able to practice his religion at Pinckneyville. Doc. 235, p. 3: Doc. 212-1, p. 234. The Court considered these purported admissions by Defendants, and found that the admissions were too vague to constitute a genuine issue of material fact regarding whether any Defendants (except Swisher and Wall) actually confiscated Plaintiff's property. Doc. 235, pp. 3 and 11.

The undersigned discussed in detail the reasoning for granting summary judgment in favor of all Defendants except Wall and Swisher in the summary judgment order, and will not repeat that discussion again in this Order.  In sum, the Court found that the vague threats made by the dismissed Defendants were not sufficient to establish a deprivation likely to deter First Amendment activity, or restrict Plaintiff's religious activity.  Doc. 235, pp. 9-14.  Plaintiff provides the Court with no justification to reconsider this ruling.  The evidence that he identifies in his current motion was considered by the Court in ruling on Defendants' summary judgment motions.  Plaintiff's Motion to Alter Judgment is DENIED.

Plaintiff has been released from prison and filed a "Motion for the Court to Provide and Advise" (Doc. 244) in which he asked the Court to advise him on when he would have to appear for trial in this case.  This issue has been subsequently addressed at multiple status conferences since Plaintiff was released from prison and therefore the "Motion for the Court to Provide and Advise" (Doc. 244) is DENIED AS MOOT.

Plaintiff filed another "Motion for the Court to Provide and Advise" (Doc. 258) in which he raised two issues that are now moot (his relationship with his previous attorney and the Court's ruling on his Motion for Reconsideration).  He also informed the Court that he still has not received Defendant Swisher's answers to Interrogatories.  This issue was the subject of a Motion to Compel filed in April 2022 (Doc. 197).  The Court noted that when Defendant Swisher responded to the Motion to Compel, he claimed that he had responded to the Interrogatories and cited to "Exhibit B", but there was no Exhibit B attached to the Response.  Doc. 204, pp. 5, 6. The Court ordered Defendant Swisher to file a Supplemental Response to the Motion to Compel, indicating whether he had ever responded to Plaintiff's Interrogatories, and attaching documentary evidence that he had done so.  Doc. 204, p. 6.   In his Supplemental Response to Plaintiff's Motion

to Compel, Defendant Swisher stated that he sent Plaintiff his responses on November 12, 2021 and then cites "Defendant Swisher's Certificate of Service, attached hereto as Exhibit A."  But there is no Certificate of Service attached to the Response (as Exhibit A or otherwise).  **On or before March 29, 2024, Defendant Swisher SHALL send Plaintiff a copy of his November 12, 2021 responses to Plaintiff's Interrogatories.**

Plaintiff then filed a "Motion for the Court to Allow the Plaintiff to Use Newly Discovered Evidence" that shows Defendants and other prison staff were "friends inside and outside" of Pinckneyville.  Doc. 263.  Plaintiff should produce this evidence to defense counsel, and if defense counsel objects to the evidence, that objection should be raised in a Motion in Limine.

Finally, Plaintiff filed a "Motion for the Court to Take Consideration Showing Cause" in which he stated that he wanted the undersigned to rule on his Motion to Alter the Court's Ruling on Defendants' summary judgment motions (Doc. 237, discussed above) prior to a settlement conference with Judge Sison.  Doc. 268.  This issue is moot, as Plaintiff now has a decision on the Motion to Alter Ruling and the settlement conference is set for April 30, 2024.  Doc. 270.

## Conclusion

Plaintiff's "Motion to Alter Judgment" (Doc. 237) is DENIED.  Plaintiff's "Motion for the Court to Provide and Advise" (Doc. 244) is DENIED AS MOOT. Plaintiff's second "Motion for the Court to Provide and Advise (Doc. 258) is GRANTED to the extent that on or before March 29, 2024, Defendant Swisher SHALL send Plaintiff a copy of his November 12, 2021 responses to Plaintiff's Interrogatories, but the Motion found at Doc. 258 is otherwise DENIED AS MOOT. Plaintiff's "Motion for the Court to Allow the Plaintiff to Use Newly Discovered Evidence" (Doc. 263) is DENIED as untimely; Plaintiff should send copies of the evidence to defense counsel, and any objections will be discussed at the final pretrial conference.  Doc. 263.  Plaintiff's "Motion

for the Court to Take Consideration Showing Cause" (Doc. 268) is DENIED AS MOOT.

**IT IS SO ORDERED.**

**DATED: March 26, 2024**

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**